UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO OSEGUEDA, et al.,<br><br>   Plaintiffs,<br><br>   v.<br><br>STANISLAUS COUNTY PUBLIC SAFETY CENTER, et al.,<br><br>   Defendants. | Case No. 1:16-cv-01218-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO OBEY A COURT ORDER<br><br>(Docs. 50, 74) |

**Findings and Recommendations**

**I.   Background**

Plaintiffs Armando Osegueda and Robert Palomino initiated this action on August 16, 2016. (Doc. 1.) Plaintiffs' Second Amended Complaint, filed on February 5, 2017, added Plaintiffs David Lomeli and Jairo Hernandez. (Doc. 22.) On January 29, 2019, the Court approved the parties' stipulation to stay this matter pending resolution of the state criminal proceedings against Plaintiffs Armando Osegueda and Robert Palomino. (Doc. 50.) The Court ordered Plaintiffs to file a written status report every ninety (90) days notifying the Court of the status of the criminal matter. (*Id.*)

On December 27, 2019, after no status reports had been filed, the Court issued an Order to Show Cause why sanctions should not be imposed for failure to comply with an order of the Court. (Doc. 53.) Plaintiffs were required to file either a written response or the required status

report by January 10, 2020. (*Id.*) Plaintiffs did not file a written response or a status report in compliance with the Court's order. Accordingly, on January 29, 2020, the Court ordered Plaintiffs' counsel Amber Hope Gordon to personally appear before the Court on February 12, 2020, to show cause why the action should not be dismissed for failure to prosecute and failure to comply with the Court's orders. (Doc. 56.) Counsel was permitted to comply with the Court's January 29, 2020 Order to Show Cause by filing the required status report by February 10, 2020. (*Id.*) On January 29, 2020, Plaintiffs filed the required status report, (Doc. 54), and the Court discharged the Orders to Show Cause issued December 27, 2019, and January 29, 2020, (Doc. No. 60). Counsel was cautioned that any future failure to comply with an order of the Court would result in the imposition of sanctions. (*Id.*)

On May 4, 2020, after Plaintiffs again failed to file a status report, the Court issued a third Order to Show Cause why sanctions should not be imposed for failure to obey a court order. (Doc. 60.) Plaintiffs were ordered to respond in writing within fourteen (14) days and were permitted to comply with the Order to Show Cause by filing the required status report. (*Id.*) On May 22, 2020, Plaintiffs filed a status report. (Doc. 61.) The Court subsequently discharged the Order to Show Cause but noted that the status report was filed well after the deadline for a response to the Order to Show Cause. (Doc. 62.) Counsel was again warned that future failures to comply with the Court's orders would result in the imposition of sanctions. (*Id.*)

On August 26, 2020, after Plaintiffs again failed to timely file a status report, the Court issued a fourth order requiring Plaintiffs' counsel to appear before the Court to show cause why sanctions should not be imposed for failure to obey a court order. (Doc. 63.) On August 27, 2020, Plaintiffs filed the required status report stating that Plaintiffs Osegueda and Palomino's criminal cases are ongoing. (Doc. 64.) Counsel for Plaintiff further provided a declaration explaining that her failure to file a timely status report was due to the death of her father. (Doc. 64-1.)

Although Plaintiffs were not ordered to respond in writing or permitted to comply with the Order to Show Cause by filing a status report, the Court nonetheless discharged the show cause order in light of the contents of Ms. Gordon's declaration. (Doc. 65.) However, the Court noted that Plaintiffs' status reports had been tardy on multiple occasions and several orders to show

2

cause had been issued in order to secure Plaintiffs' compliance with applicable deadlines.  The Court observed that counsel's action had caused the Court to unnecessarily expend its resources to gain counsel's compliance with orders.  The Court strongly cautioned Plaintiffs' counsel against future failures to comply with the Court's orders as such failures would likely result in the imposition of sanctions.  (*Id.* at 65.)

On November 23, 2020, Plaintiffs filed a status report indicating that Plaintiffs Osegueda and Palomino's criminal cases were ongoing.  (Doc. No. 66.)  The status report was dated January 22, 2020.  (*Id.* at 2.)

On April 6, 2021, the Court issued an Order requiring Counsel for Plaintiff to appear in person to show cause why sanctions should not be imposed for failure to obey a Court order when Counsel again failed to file the required status report. (Doc. 67.) On April 7, 2021, Counsel for Plaintiff filed a Status Report indicating that the criminal cases for Plaintiffs Osegueda and Palomino remain ongoing. (Doc. 68.)

On April 19, 2021, the Court held a hearing on the Order to Show cause. Counsel Amber Gordon appeared and explained that she failed to file the status report due to a scheduling error and due to her father's death and funeral. Based on counsel's representations, the Court discharged the April 6, 2021 Order to Show Cause.   However, the Court warned as follows: "**Counsel is strongly cautioned that any further failures to comply with a court order will result in a recommendation to the District Judge that this matter be dismissed.**" (Doc.  70.)

On June 13, 2021, Plaintiffs filed a status report.  (Doc. 71.)

On November 9, 2021, Plaintiffs filed a status report and motion to continue the stay. (Docs. 72, 73.)  The documents were identical, and the motion was terminated as it was a status report.  The Court indicated that the stay of this action would remain in place with the parties filing status reports every ninety (90) days.  (Doc. 74.)

On December 14, 2021, Plaintiffs filed a status report indicating that the criminal cases of Plaintiffs Osegueda and Palomino were ongoing.  (Doc. 76.)

More than ninety days have elapsed since the last submission of a status report on December 14, 2021, and Plaintiffs again have failed to file a timely written status report.

3

**II.     Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See*, *e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**III.    Discussion**

Plaintiffs' status report is again overdue.  As detailed above, Plaintiffs' status reports have been tardy on multiple occasions and multiple orders to show cause have been issued in order to secure Plaintiffs' compliance with applicable deadlines and court orders.  Counsel's dilatory actions have caused the Court to unnecessarily expend its resources on multiple occasions to gain counsel's compliance with orders over the years.  Despite repeated warnings, Plaintiffs continue to disregard the relevant deadlines and court directives.  The Court cannot effectively manage its docket if Plaintiffs cease complying with Court orders without Court intervention.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to the defendant, also weighs in favor of dismissal, as a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.

*Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).  Absent status updates, the Court cannot determine whether the stay should remain in place or if the litigation may resume.

The fourth factor usually weighs against dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).  As indicated, Plaintiffs' failure to provide timely updates impedes the Court's ability to determine whether the stay should be lifted, and the matter prosecuted.

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  The Court's April 19, 2021 order expressly warned counsel that any further failures to comply with a court order would result in a recommendation for dismissal of this action.  (Doc. 70.)  Thus, Plaintiffs had adequate warning that dismissal could result from noncompliance.

Additionally, at this stage in the proceedings there is little available to the Court that would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources.  Counsel has been repeatedly warned about the imposition of sanctions but has disregarded the Court's orders, suggesting that monetary sanctions would be of little use, and the preclusion of evidence or witnesses is likely to have no effect given that litigation of the matter has been stalled by the ongoing criminal proceedings.

**IV.     Conclusion and Recommendation**

For the reasons stated, it is HEREBY RECOMMENDED that this action be dismissed based on Plaintiffs' failure to obey the Court's orders.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiffs may file written objections with the Court.  The document should be captioned "Objections to

5

Magistrate Judge's Findings and Recommendations." Plaintiffs are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**April 12, 2022**__                    /s/ Barbara A. McAuliffe _
                                                               UNITED STATES MAGISTRATE JUDGE